IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

<table>
<tr><td>IN RE:</td><td>§</td><td></td></tr>
<tr><td></td><td>§</td><td>CAUSE NOS. A-11-CV-759-LY</td></tr>
<tr><td>MOHAMMAD H. GHARBI AND</td><td>§</td><td>A-11-CV-832-LY</td></tr>
<tr><td>FATEMEH GHARBI,</td><td>§</td><td>A-11-CV-888-LY</td></tr>
<tr><td>DEBTORS.</td><td>§</td><td>CHAPTER 7</td></tr>
</table>

<table>
<tr><td>MOHAMMAD H. GHARBI AND</td><td>§</td><td></td></tr>
<tr><td>FATEMEH GHARBI,</td><td>§</td><td></td></tr>
<tr><td>APPELLANTS,</td><td>§</td><td></td></tr>
<tr><td></td><td>§</td><td>ADV. NO. 08-01099-CAG</td></tr>
<tr><td>V.</td><td>§</td><td></td></tr>
<tr><td></td><td>§</td><td></td></tr>
<tr><td>CENTURY 21 REAL ESTATE LLC</td><td>§</td><td></td></tr>
<tr><td>APPELLEE.</td><td>§</td><td></td></tr>
</table>

## OPINION AND ORDER

Before the Court are the above-styled and numbered related *pro se* appeals from orders of the United States Bankruptcy Court for the Western District of Texas, Austin Division.

## I.    Background

The record in cause number A-11-CV-759-LY (the '759 case) reflects that on July 29, 2011, Appellants Mohammad H. Gharbi and Fatemeh Gharbi filed a Notice of Appeal of the bankruptcy court's Order Awarding Plaintiff Counsel Fees in the Amount of $147,996 and Accepting Award from Discharge, entered on July 28, 2011.  At the same time and in connection with this appeal, Appellants filed in the bankruptcy court an Application for Waiver of Filing Fee.  The bankruptcy court denied the application on August 18, 2011, and sent a letter to Appellants on August 22, 2011, ordering them to remit a total filing fee for the Notice of Appeal of $255 or face dismissal of the appeal.  To date, Appellants have not paid the filing fee.

The record in cause number A-11-CV-832-LY (the '832 case) reflects that on August 30,

2011, Appellants filed a Notice of Appeal of the bankruptcy court's denial of their request for waiver

of the filling fee due in conjunction with the appeal in the '759 case.  Appellants also filed in the

bankruptcy court a second Application for Waiver of Filing Fee associated with this appeal, which

the bankruptcy court denied on August 31, 2011.

The record in cause number A-11-CV–888-LY (the '888 case) reflects that on September 21,

2011, Appellants filed a third Notice of Appeal, appealing the bankruptcy court's August 31, 2011

denial order.  Appellants filed in the bankruptcy court a third request entitled Application to Proceed

In Forma Pauperis in association with the original appeal.  The bankruptcy court denied the

application on September 29, 2011.

By order dated September 3, 2011, this court ordered the parties in the '759 case to brief the

issue of whether the bankruptcy court erred in awarding plaintiff counsel fees in the amount of

$147,966 and set the cause for submission.  By order dated October 13, 2011, the court combined

the '832 and '888 cases for purposes of appellate briefing on the issue of whether the bankruptcy

court erred in denying Appellants' applications for waiver of the appellate filing fee and to proceed

*in forma pauperis*.  In that same order, the court informed the parties that it would not hear oral

argument on the filing-fee issue but would rule on the pleadings.

Accordingly, before the court today are Appellants' Brief, filed November 4, 2011 (Clerk's

Doc. No. 4 in the '832 case and Clerk's Doc. No. 3 in the '888 case) and Century 21 Real Estate

LLC's Appellee's Brief, filed December 7, 2011 (Clerk's Doc. No. 4 in the '888 case).  Century 21

Real Estate did not file a responsive brief in the '832 case.  Nor did Appellants file a reply brief in

either case.  Instead, Appellants filed a pleading styled "Motion for Dismissal of the Appellee's

Claim and entering Default Judgment Against the Appellee" in each case (Clerk's Doc. No. 5 in the

2

'832 case and Clerk's Doc. No. 5 in the '888 case). By these motions, Appellants argue that due to Century 21 Real Estate's failure to timely file their responsive brief by November 23, 2011, as ordered by this court, the court should dismiss Century 21 Real Estate's claims for attorney's fees at issue in the appeal in the '759 case.

## II.   Discussion

"[A]ny court of the United States may authorize the prosecution . . . of any . . . appeal . . . without prepayment of fees or security" if the litigant submits an affidavit demonstrating that the litigant "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A court's denial of *in forma pauperis* status is reviewed for abuse of discretion. *See Collier v. Tatum*, 722 F.2d 653, 656 (11th Cir. 1983). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the party appealing show, by affidavit, that it is unable to pay court fees and costs. 28 U.S.C. § 1915(a).

In its first denial order, dated August 18, 2011, the bankruptcy court summarily denied Appellant's application to proceed without paying the appellate filing fee, without further comment. In the second and third denial orders, dated August 31, 2011, and September 29, 2011, the court the court merely stated that "[t]here is nothing in the Bankruptcy Code or Federal Rules of Bankruptcy Procedure which allow an appeal to proceed in forma pauperis" and that Mr. Gharbi "has over time and in this proceeding specifically shown himself to be a vexatious litigant who pursues litigation contrary to the facts and law." The bankruptcy court misstates the law when it asserts that there is no basis for waiver of the appellate filing fee. *See id.*; *see also Wynn v. Reiber*, 173 F.3d 848 (2d Cir. 1999); *In re Fromal*, 52 F.3d 321 (4th Cir. 1995); *In re Bush*, 39 F.3d 1191 (10th Cir. 1994); *In re Carson*, 983 F.2d 1065 (6th Cir. 1993) (reviewing district court's affirmance of bankruptcy

court's denial of debtor's request to pursue appeal without prepayment of costs or fees under section 1915). Furthermore, in none of its orders does the bankruptcy court address Appellants' ability to pay a filing fee or reference the applications detailing Appellants' income, debts, and assets.

Additionally, nowhere in Century 21 Real Estate's responsive brief does it address Appellants' request for waiver of the appellate filing fee.[1] The only filings relating to the ultimate question before the court—whether Appellants should be entitled to proceed *in forma pauperis* on their appeal in the '759 case—are the three separate applications originally submitted to the bankruptcy court, supported by declarations of Appellant Mohammad H. Gharbi, made under penalty of perjury, detailing Appellants' financial hardship, as well as Appellants' brief reiterating that they are unable to pay the costs of appeal. Neither the bankruptcy court nor any party challenges the statements made in the declarations. On this record, the court concludes that the bankruptcy court abused its discretion in denying Appellants' request to proceed without paying the appellate filing fee. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

**IT IS THEREFORE ORDERED THAT** the bankruptcy court's orders of August 18, 2011, August 31, 2011, and September 29, 2011, denying the waiver of the appellate filing fee are **REVERSED** and judgment **RENDERED** that Appellants may proceed with their appeal in the '759 case without paying the filing fee of $255 required by the bankruptcy court.

**IT IS FURTHER ORDERED THAT** Appellants' Motions for Dismissal of the Appellee's Claim and entering Default Judgment Against the Appellee, filed December 7, 2011, (Clerk's Doc. No. 5 in the '832 case and Clerk's Doc. No. 5 in the '888 case) are **DENIED**. The court will

---

[1] The Appellee's Brief filed in the '832 case addresses the merits of the appeal in the '759 case. Because Century 21 Real Estate did not file a responsive brief in that appeal, it is likely that Century 21 Real Estate intended to file its Appellee's Brief in the '759 case.

consider the responsive brief filed by Appellee Century 21 Real Estate in the '888 case, in addition with the argument presented before the court on January 13, 2011, in ruling on the merits of the appeal in the '759 case.

This Opinion and Order is limited to Appellants' applications for waiver of the appellate filing fee in the '759 case before this court at this time. It extends no further. The parties and the bankruptcy court shall not construe the rulings made herein as a grant of future waivers of any appellate filing fee.

Having decided the merits of the only issues on appeal in cause numbers A-11-CV-832-LY and A-11-CV-888-LY, **IT IS FINALLY ORDERED** that those cases are hereby **CLOSED**. The '759 case remains set for argument before this court on January 13, 2012.

SIGNED this _10th_ day of January, 2012.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE