IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| MOHAMMAD H. GHARBI AND FATEMEH GHARBI, | § § | CAUSE NO. A-11-CV-759- LY |
| DEBTORS. | § § | |
| MOHAMMAD H. GHARBI AND FATEMEH GHARBI, | § § | |
| APPELLANTS, | § § § | |
| V. | § § | |
| CENTURY 21 REAL ESTATE LLC | § § | |
| APPELLEE. | § | |

FILED
2012 JUL 10 AM 10:06
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

## MEMORANDUM OPINION AND ORDER

This case is an appeal of an Order Awarding Plaintiff Counsel Fees in the Amount of $147,996, signed on July 28, 2011, by the United States Bankruptcy Court for the Western District of Texas, Austin Division. Before the court are Appellant's Brief filed September 30, 2011 and Appellee's Brief filed December 7, 2011. On January 13, 2012, the court entertained oral argument, at which Appellant Mohammad H. Gharbi appeared and counsel for Appellee Century 21 Real Estate LLC ("Century 21") appeared. On the day of argument, Gharbi filed "Appellant's Reponse", to which Century 21 objects. Having considered Century 21's objection and the response, the court **OVERRULES** the objection and shall consider the response. Having carefully considered the briefs, argument of counsel, response, and applicable law, the court concludes that the bankruptcy court's order should be affirmed for the reasons to follow.

## I. Factual Background

Beginning in 1999, Gharbi operated a real-estate business called "Capital Team" as a franchisee of Century 21 pursuant to three Century 21 Real Estate Franchise Agreements ("Franchise Agreements"). One agreement was for a franchise located at 906 Chestnut, Bastrop, Texas; another was for a franchise located at 1600 S. Pleasant Ave., Austin, Texas; and a final agreement was for a franchise located at 8108 Mesa Drive, Austin, Texas. Section 11(c)(vii) of the Franchise Agreements gave Gharbi a limited right to use the Century 21 mark as long as the Franchise Agreements were fully performed. Section 17 of each of the Franchise Agreements gave Century 21 the right to terminate the License Agreements at any time. Section 18(c) of the Franchise Agreements specifies that in the case of termination, Gharbi must discontinue the use of all Century 21 marks.

In 2005, Gharbi failed to pay amounts due under the Franchise Agreements. A Termination Notice, dated October 28, 2005, notified Gharbi of the defaults and termination of his rights pursuant to the Franchise Agreements. The termination was effective as of October 26, 2005. After termination of the Franchise Agreements, Gharbi listed in his bankruptcy schedules ownership of the websites www.texascentury21.com and www.century21online.com. A third website, www.texasproperties.com/century21capitalteam, was later discovered. Additionally, a fourth website, www.austinhomeland.com, displayed the Century 21 mark until at least July 13, 2006.

On April 26, 2010, the bankruptcy court granted in part and denied in part, without prejudice, Century 21's Motion for Summary Judgment as follows: (1) the bankruptcy court granted summary judgment in favor of Century 21 on its counts asserting that Gharbi violated 15 U.S.C. §§ 1114(1)(a) and 1125(a); (2) the bankruptcy court denied summary judgment on Century 21's assertion that

Gharbi has intentionally cyber squatted, in violation of 15 U.S.C. § 1125(d); (3) the bankruptcy court denied summary judgment on Century 21's request for statutory damages; and (4) the bankruptcy court denied summary judgment on the issue of dischargeability of damages under 11 U.S.C. § 523(a)(6). On August 26, 2010, the bankruptcy court held a hearing on the remaining issues in the adversary proceeding, taking the following issues under advisement: (1) whether Gharbi violated section 1125(d) and, if so (2) the amount of damages to be awarded and (3) whether the award will be held nondischargeable under section 523(a)(6).

By its March 3, 2011 Memorandum Opinion, the bankruptcy court granted Century 21's requested relief, finding three violations of section 1125(d) and awarding $25,000 per violation for a total of $75,000, which the bankruptcy court held nondischargeable under section 523(a)(6). The bankruptcy court signed the Judgment on March 8, 2011, which Gharbi appealed to this court for review. This court affirmed the judgment on June 3, 2011, and remanded to the bankruptcy court for a determination on Century 21's application for attorney's fees.

On July 28, 2011, the bankruptcy court rendered an order granting Century 21 an award of attorney's fees in the amount of $147,996. Gharbi filed a Notice of Appeal, without a Statement of Items Comprising the Record, on July 29, 2011.

## II. Standard of Review

On appeal, this court reviews the bankruptcy court's award of attorney's fees pursuant to the Lanham Act, 15 U.S.C. § 1117, under an abuse of discretion and the court's finding as to whether the case is exceptional for clear error. *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 528 (5 th Cir. 2002) (citing *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 373 (5th Cir. 2000)).

## III. Analysis and Conclusion

Under section 1117 of the Lanham Act, a court may award attorney's fees to a prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). "[T]he exceptional case is one in which the defendant's trademark infringement can be characterized as malicious, fraudulent, deliberate, or willful, and . . . it has been interpreted by courts to require a showing of a high degree of culpability." *Rolex Watch,* 158 F.3d 816, 824 (5th Cir. 1998) (quoting *Martin's Herend Imports, Inc., v. Diamond & Gem Trading USA, Co.,* 112 F.3d 1296, 1305 (5th Cir. 1997)). The bankruptcy court conducted a hearing following remand from this court on July 13, 2011, to consider Century 21's application for attorney's fees. At the hearing, the bankruptcy court found that Century 21 was entitled to the full award sought for attorney's fees pursuant to section 1117(a), based on the bankruptcy court's previous findings that Gharbi misued and misappropriated Century 21's name and business reputation. On appeal, Gharbi does not challenge this finding by the bankruptcy court.

The bankruptcy court further found that the amount of attorney's fees requested, although large, was reasonable and appropriate under the circumstances "because the litigation was protracted, was complex, was hampered by [Gharbi's] lack of cooperation, and the fact that the Court also afforded [Gharbi] more than ample opportunity to provide adequate defenses in response to [Century 21's] claims." On appeal, Gharbi asserts that the amount of attorney's fees awarded is excessive.[1] Gharbi argues that counsel for Century 21 took advantage of Gharbi because he is a *pro se* litigant. He further argues that the fees include matters outside the adversary proceeding. However, Gharbi fails to undertake any genuine analysis, nor does he include any supporting evidence. Therefore, the

---

[1] Gharbi's response also raises arguments challenging the bankruptcy court's March 8, 2011 judgment in his bankruptcy proceedings. This court declines to address these arguments as they have been fully considered and determined by this court in Cause No. A-11-CV-291-LY.

court finds that the bankruptcy court did not abuse its discretion in granting Century 21's claim for attorney's fees in the amount of $147,996.

**IT IS THEREFORE ORDERED** that the July 28, 2011 Order Awarding Plaintiff Counsel Fees in the Amount of $147,996 of the United States Bankruptcy Court for the Western District of Texas is **AFFIRMED**.

**SIGNED** this 10th day of July, 2012.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE